COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-260-CR

JAVIER ALBERTO SABILLON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Javier Alberto Sabillon appeals his conviction and life sentence for aggravated sexual assault.  In his first point, Sabillon contends that the trial court erred by admitting evidence gathered as a result of a search warrant that lacked probable cause.  In Sabillon’s second point, he complains that the trial court erred by admitting the search warrant affidavit into evidence at trial.  In his third and fourth points, Sabillon complains that the trial court erred by denying cross-examination of the complainant regarding her mental health and DWI probation.  In Sabillon’s fifth point, he asserts that the trial court erred by excluding the complainant’s statement that she was fearful of the police because of her DWI probation.  We affirm.  

II.  Background Facts

The complainant, K.R., and Sabillon dated from January 2004 to June 2004.  On July 17, 2004, K.R. went to a bar in Fort Worth with her friend, Ty Ramsey.  After K.R., Ramsey, and George Whipple, K.R.’s friend, left the bar to take Whipple to his apartment, Whipple noticed a truck following them into his apartment complex.  Ramsey, who was driving the car, stopped the car and Whipple got out to see who was following them.  When Whipple was walking back to Ramsey’s car, K.R. jumped out of the car and said, “It’s [Sabillon].”  When K.R. got to Sabillon’s truck, Sabillon threw her in his truck and drove off.  Ramsey called the police after Sabillon left.  

Sabillon drove to his brother’s house and began yelling at K.R..  Sabillon grabbed K.R. by her neck and threatened to kill her.  K.R. then “blacked out” from loss of oxygen. K.R. testified that she would slip in and out of consciousness and would wake up to Sabillon sexually assaulting her.

The police called K.R.’s mother and told her that Sabillon had possibly kidnapped her daughter.  K.R.’s mother then called Sabillon’s sister and told her what the police had said.  Sabillon’s sister then got her son, Victor Weinstein, to go over to the house to see if Sabillon and K.R. were there. When Weinstein arrived, he saw Sabillon and went upstairs to check on K.R.. Weinstein then called his mother and waited for her at the house.  

The police arrived shortly after Weinstein called his mother.  When the police got to the house, they went upstairs and saw K.R. sleeping on the bed face down with her clothes on.  The police then woke her up, and K.R. told them that Sabillon had raped her. 

On June 27, 2005, a jury found Sabillon guilty of aggravated sexual assault and answered true to the repeat offender notice.  The trial court assessed Sabillon’s punishment at a life sentence in the Institutional Division of the Texas Department of Criminal Justice.  The jury found Sabillon not guilty of aggravated kidnapping.

III.  Motion to Suppress

In his first point, Sabillon contends that the trial court erred by admitting pictures and physical evidence that were gathered as a result of a search warrant which lacked probable cause.

A.  Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.  
Id
.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.

When reviewing a magistrate’s decision to issue a warrant, we apply the deferential standard of review articulated by the United States Supreme Court in 
Illinois v. Gates
, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983). 
Swearingen v. State
, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004).  Under that standard, we uphold the probable cause determination “so long as the magistrate had a ‘substantial basis for . . . conclud[ing]’ that a search would uncover evidence of wrongdoing.” 
Gates
, 462 U.S. at 236, 103 S. Ct. at 2331; 
see Swearingen
, 143 S.W.3d at 810.

B.  Search Warrant Affidavit

Sabillon asserts that the warrant affidavit does not contain sufficient information to provide the magistrate with a substantial basis for concluding that probable cause existed.  The pertinent parts of the warrant affidavit provide as follows:

. . . . 

4.  THERE IS AT SAID SUSPECTED PLACE AND PREMISES AN ITEM CONCEALED AND KEPT CONSTITUTING EVIDENCE OF SAID OFFENSE AND CONSTITUTING EVIDENCE THAT A PARTICULAR PERSON COMMITTED SAID OFFENSE, DESCRIBED AS FOLLOWS:

a.  SHEETS

b.  LADIES HOOP EARRING

c.  LADIES PANTIES

d.  PURSE

e.  WALLET

f.  LADIES SHOE

g.  Anything else of evidentiary value

5.  AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:

1) That Javier Sabillon and the victim date as boyfriend and girlfriend but live separately.

2) That on or about 07-18-04 at approximately 0100 hours, Javier saw the victim with two (2) other males and followed them to a gated community located near the 5200 block of Byers, Fort Worth, Tarrant County, Texas.

3) That Javier picked the victim up and forced her into his vehicle against her will and despite her verbal protests.

4) That Javier drove her to 3762 West 4th
, a residence belonging to his brother Louis Caballero.

5) That once there, Javier forced the victim to enter the residence and forced her to have sex with him despite her verbal protests.

6) That Javier choked the victim until she was unconscious and she woke up to Javier having sex with her.

7) That witness Daniel Ramsey saw Javier force the victim into his truck and heard her scream for help.

8) That Javier admitted to forcing the victim into the truck against her will and admitted to taking her to a house she did not want to be at.

9) That Javier said he had sex with the victim even though she told him to leave her alone and had sex with the victim while she was sick and vomiting.

10) See report #04084479 . . . . 

C.  Applicable Law

In assessing the sufficiency of an affidavit for an arrest or a search warrant, the reviewing court is limited to the four corners of the affidavit.
 Hankins v. State
, 132 S.W.3d 380, 388 (Tex. Crim. App.), 
cert
. 
denied
, 543 U.S. 944 (2004); 
Jones v. State
, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 921 (1993). The reviewing court should interpret the affidavit in a common sense and realistic manner, recognizing that the magistrate was permitted to draw reasonable inferences.  
Hankins
, 132 S.W.3d at 388; 
Jones
, 833 S.W.2d at 124.

Probable cause will be found to exist if the affidavit shows facts and circumstances within the affiant’s knowledge and of which the affiant has reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that the criteria set forth in code of criminal procedure article 18.01(c) have been met. 
Tolentino v. State
, 638 S.W.2d 499, 501 (Tex. Crim. App. 1982); 
see 
Tex. Code Crim. Proc. Ann.
 art. 18.01(c) (Vernon 2005). Therefore, the affidavit must set forth facts which establish that (1) a specific offense has been committed, (2) the property to be searched or items to be seized constitute evidence of the offense or evidence that a particular person committed the offense, and (3) the property or items are located at or on the person, place, or thing to be searched. 
Tolentino
, 638 S.W.2d at 501. A mere affirmation of belief or suspicion is not enough to sustain the issuance of a search warrant. 
Id. 
The task of the issuing magistrate is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. 
Johnson v. State
, 803 S.W.2d 272, 288 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991), 
overruled on other grounds by Heitman v. State
, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991).

D.  Analysis

We must determine whether the facts stated in the affidavit are sufficient to support a conclusion that the items listed in the affidavit would be found at 3762 West 4th 
Street.  
See Johnson
, 803 S.W.2d at 288.  The affiant’s mere belief that the residence was where Sabillon took K.R. is not enough to support the issuance of the search warrant.  
See Tolentino
, 638 S.W.2d at 501.  At trial, Sabillon argued that the affidavit contained “mere conclusions” and did not state what person the facts were obtained from.  Sabillon’s counsel stated,

It’s a number of different -- both the Texas Constitution as well as the United States Constitution.  We do make an objection based on that.  I believe it’s Article 1, Section 9 and Article 1, Section 8 of the Texas Constitution.  It’s also chapter -- or Article 38.23 of the Texas Code of Criminal Procedure. It’s also the Fourth and Fourteenth Amendment[s] to the United States Constitution.  For these reasons and because we believe that the statements contained in the search warrants, State’s Exhibits Nos. 51, 52, and 53, as well as 54, 55 and 56 are mere conclusions.  They do not state facts.  They do not state upon a person who[m] the facts were obtained from.  Because they are [conclusory] statements is the -- the main reason we’re objecting to them, not -- to this being an insufficient affidavit supporting search warrant. 

On appeal, Sabillon complains that paragraphs one through six “are conclusions [and] not attributed to any source.”  However, when reading the affidavit in a “common sense manner,” it is apparent that the K.R. is the source of the information that is not attributed to Ramsey or Sabillon.  
See Hankins
, 132 S.W.3d at 388; 
Jones
, 833 S.W.2d at 124.  Because the  magistrate is allowed to draw reasonable inferences from the affidavit, we cannot say that she could not reasonably infer that the information in paragraphs one through six came from K.R., the complainant.  
Hankins
, 132 S.W.3d at 388.

Additionally, Sabillon complains on appeal that paragraph seven does not provide facts regarding the West 4th address, paragraphs eight and nine do not reveal to whom or when Sabillon made his statements and do not set forth the address of the house where Sabillon took K.R., and paragraph nine does not mention where Sabillon had “sex with the victim.”  Sabillon also objected to pictures (i.e., State’s exhibits 28, 30, 31, and 32) being admitted at trial.  However, Sabillon did not object on these grounds in the trial court.  
The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited.  
Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S.827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Because Sabillon did not object on these grounds at trial, we hold that he forfeited these grounds for our review on appeal.  
Thus, we overrule Sabillon’s first point.

IV.  Admission of Search Warrant Affidavit

In Sabillon’s second point, he asserts that the trial court erred by admitting the search warrant affidavit for all purposes during trial.  Specifically, Sabillon contends the trial court erred by allowing paragraphs eight and nine, Sabillon’s confessions to kidnapping and sexually assaulting K.R., into evidence because they are hearsay.  The State argues that Sabillon was not harmed by the admission of his confessions because the evidence came in without objection during other parts of the trial.

Even assuming without deciding that Sabillon’s confessions constituted hearsay, we believe any error was harmless.  Because the error complained of does not involve a constitutional violation, rule 44.2(b) is applicable. 
Franks v. State, 
90 S.W.3d 771, 805 (Tex. App.—Fort Worth 2002, no pet.); 
Hughes v. State
, 12 S.W.3d 166, 168 (Tex. App.—Fort Worth 2000, no pet.). Therefore, we are to disregard the error unless it affected Sabillon’s substantial rights. 
Tex. R. App. P
. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury’s verdict. 
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (
citing Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall v. State
, 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref’d) (en banc). In making this determination, we review the record as a whole. 
Kotteakos
, 328 U.S. at 764-65, 66 S. Ct. at 1248.  

During the cross-examination of Detective Sherry Schloeman, a detective with the Fort Worth Police Department, Sabillon’s counsel questioned Detective Schloeman about her summarization of paragraphs eight and nine of the search warrant affidavit from Sabillon’s audiotaped interview.  After both sides had rested, the State introduced the audiotape of the interview and a transcript of the interview.  Before the audiotape was played for the jury, the trial court asked Sabillon if he wanted the jury to listen to the audiotaped interview, and Sabillon said that he did.  The audiotaped interview was then played to the jury.  Because the audiotaped interview came in without objection and provides the same facts that paragraphs eight and nine of the search warrant affidavit provide, we hold that any error in admitting the search warrant affidavit is harmless.  
See Franks, 
90 S.W.3d at 805.

Alternatively, Sabillon argues that he could not object to the audiotaped interview because it was better to have the interview in evidence than to leave the “search warrant affidavit conclusions into evidence unchallenged.”

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).
  Because appellant did not make an objection and obtain a ruling from the trial court, we hold that he did not properly preserve error for our review. 

Additionally, Sabillon cites no authority for the proposition that he could not object at trial to the introduction of the audiotaped interview.  
If a party provides no argument or legal authority to support its position, the appellate court may properly overrule the issue or point as inadequately briefed.  
Tex. R. App. P.
 38.1(h); 
Tong v. State,
 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied,
 532 U.S. 1053 (2001).  
Because we hold that any error in admitting the search warrant affidavit is harmless, Sabillon did not properly preserve error, and Sabillon failed to provide any authority to support his contention that he could not object to the admission of the audiotaped interview, we overrule Sabillon’s second point.

V.  Limited Cross-Examination

In his third point, Sabillon complains that the trial court abused its discretion by not allowing him to cross-examine K.R. regarding her mental health diagnosis.  The State contends that the trial court did not err because Sabillon failed to establish that K.R.’s mental illness was relevant.  In Sabillon’s fourth point, he contends that the trial court abused its discretion by not allowing him to cross-examine K.R. regarding her DWI community supervision because it shows bias on the part of K.R. against Sabillon.  The State asserts that Sabillon was not entitled to cross-examine K.R. because Sabillon failed to show that K.R. was vulnerable to revocation of her probation in Tarrant County.

A.  Standard of Review

We review the trial court’s decision to admit or exclude evidence under an abuse of discretion standard.  
Osbourn v. State
, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); 
Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997).  

B.  Mental Illness

Generally, and within reason, the trial court should always allow the accused great latitude to show any relevant fact that might tend to affect the witness’s credibility.  
Mumphrey v. State
, 155 S.W.3d 651, 663 (Tex. App.—Texarkana 2005, pet. ref’d).  The Sixth Amendment provides that an accused has a right to confront his accusers.  
U.S. Const
. VI; 
see Crawford v. Washington
, 541 U.S. 36, 42 124 S. Ct. 1354, 1359 (2004).  The right to confrontation, while constitutionally secured, is not without limits.  
Virts v. State
, 739 S.W.2d 25, 28 (Tex. Crim. App. 1987).  The trial judge retains wide latitude to impose reasonable limits on cross-examination based upon concerns about, among other things, harassment, prejudice, confusion of the issues, and the witness’s safety.  
Id. 
 Specifically, cross-examination of a testifying State’s witness to show that the witness has suffered a recent mental illness or disturbance is proper, provided such mental illness or disturbance is such that it might tend to reflect on the witness’s credibility.  
Mumphrey
, 155 S.W.3d at 663; 
see Virts
, 739 S.W.2d at 30. If the witness is shown to have been suffering from a recent mental illness, prior to the occurrence of the event in question, and such illness might be considered a “persistent disabling disturbance of his mental and/or emotional equilibrium, manifested through persistent maladjustment and more or less irrational, even bizarre behavior and speech,” then the trial court should permit the jury to hear this kind of evidence.  
Virts
, 739 S.W.2d at 30.

Here, Sabillon points us to a portion of his bill of exceptions to support his contention that the trial court erred by not allowing him to cross-examine K.R. regarding her mental illness.  Sabillon established in his bill of exceptions that K.R. had been diagnosed with dysthymia, a mild case of depression, and had been prescribed Celexa, an antidepressant.  K.R. testified that she did not have any symptoms from the dysthymia because the medication was treating her condition, and she “didn’t have any problems from it.”  She stated that her doctors did not tell her that alcohol would have any effect on the medication or diagnosis.  The mere fact that the State’s testifying witness has in the recent past suffered or received treatment for a mental illness or disturbance does not, for this reason alone, cause this kind of evidence to become admissible impeachment evidence. 
 Id. 
 The testimony elicited does not demonstrate that K.R.’s mental illness affected her perception of events.  
See Scott v. State
, 162 S.W.3d 397, 401 (Tex. App.—Beaumont 2005, pet. ref’d). Thus, we cannot say that the trial court abused its discretion by not permitting the jury to hear the evidence regarding her illness.  We overrule Sabillon’s third point.  

C.  DWI Probation

In Sabillon’s fourth point, he contends that the trial court erred by not allowing him to cross-examine K.R. about her DWI community supervision.  Sabillon asserts that the Sixth Amendment entitled him to cross-examine K.R. to show “bias, ill feeling, motive, or animus on the part of [K.R.] against him.”  Evidence that a witness whom the State calls is subject to a criminal charge, or is on probation, can be used to show the bias or interest of the witness in helping the State.  
Maxwell v. State
, 48 S.W.3d 196, 199 (Tex. Crim. App. 2001).  The proponent of evidence to show bias must show that the evidence is relevant.  
Woods v. State
, 152 S.W.3d 105, 111 (Tex. Crim. App. 2004), 
cert. denied
, 544 U.S. 1050 (2005).  The proponent does this by demonstrating that a nexus, or logical connection, exists between the witness’s testimony and the witness’s potential motive to testify in favor of the other party.  
Id.
; 
Carpenter v. State
, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998).   In a hearing outside the presence of the jury, Sabillon established that K.R. was convicted for DWI on April 27, 2004 and placed on probation.  K.R. was on community supervision for the offense when she was assaulted.  K.R. testified that neither her probation officers nor the court told her that she could not consume alcoholic beverages while on probation.  The trial court permitted defense counsel to cross-examine K.R. outside the jury’s presence and concluded that any cross-examination concerning K.R.’s DWI probation was not relevant to establishing a motive or bias by K.R. against Sabillon.  Sabillon’s offer of proof did not establish the nexus between K.R. testimony and her community supervision.  
See Woods
, 152 S.W.3d at 112.  Sabillon failed to establish that K.R. had bias or had an interest in helping the State simply because she was on community supervision.  We hold that the trial court’s refusal to permit Sabillon to cross-examine K.R. regarding her DWI community supervision did not constitute an impermissible restriction on Sabillon’s rights under the Confrontation Clause.  Thus, we overrule Sabillon’s fourth point.  

D. Rule of Optional Completeness

In Sabillon’s fifth point, he asserts that the trial court abused its discretion by excluding K.R.’s statement that she was fearful of the police because of her DWI probation.  He claims that the trial court should have allowed him to introduce the statement under rule 107 after the State put into evidence that K.R. said, “It’s [Sabillon]” when K.R. saw that Sabillon had followed Ty Ramsey’s truck into the apartment complex.

“Rule 107 is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter ‘opened up’ by the adverse party.”  
West v. State, 
121 S.W.3d 95, 103 (Tex. App.—Fort Worth 2003, pet. ref’d); 
Credille v. State, 
925 S.W.2d 112, 116 (Tex. App.—Houston [14
th
 Dist.] 1996, pet. ref’d). 
 
The so-called rule of optional completeness takes effect when other evidence has already been introduced but is incomplete and misleading.  
Jones v. State
, 963 S.W.2d 177, 182 (Tex. App.—Fort Worth 1998, pet. ref’d); 
see Kinnamon v. State
, 791 S.W.2d 84, 101 (Tex. Crim. App. 1990),
 overruled on other grounds by Cook v. State
, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994)..  Once an evidentiary door has been opened by one side, this rule serves to allow the other side to complete the picture.  
West
, 121 S.W.3d at 103.  The party who opens the door may not then invoke the rule of optional completeness to further exploit an improper line of questioning.  
See Hatley v. State
, 533 S.W.2d 27, 29 (Tex. Crim. App.1976); 
Jones
, 963 S.W.2d at 182.

During trial, Ramsey testified that on July 18, 2004, he and K.R. went to a bar in Fort Worth.  After approximately one to two hours, Ramsey and K.R. left the bar with George Whipple.  Ramsey stated that he was driving the car, K.R. was in the front passenger seat, and Whipple was in the back of the car.  As Ramsey pulled into Whipple’s gated apartment complex, Whipple noticed a truck follow them into the complex and stated, “That’s strange, I – you know, I don’t recall seeing that car around here.”  Whipple then got out of the car to see who was following them, and when he was walking back towards Ramsey’s car, K.R. got of the car and said, “It’s [Sabillon].” In a hearing outside the presence of the jury, Ramsey testified when they realized they were being followed, K.R. was worried that it was the police because she was on probation.  The trial court did not allow Sabillon to pursue this line of questioning, and Sabillon asserts, under the rule of optional completeness, that the testimony should have been allowed.

Sabillon argues that K.R.’s “stat[ement] [that] she was worried that it was the police because she was on probation for DWI” was necessary to clear up false impressions left by the State’s direct examination of Ramsey.  However, the State offered K.R.’s testimony to identify Sabillon. We hold that the trial court did not abuse its discretion by determining that the two statements were not “on the same subject” as required for the rule of optional completeness.  
Patel v. State
, 856 S.W.2d 486, 490 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d), 
cert. denied
, 510 U.S. 1114 (1994); 
see Grunsfeld v. State
, 813 S.W.2d 158, 163 (Tex. App.—Dallas 1991), 
aff’d
, 843 S.W.2d 521 (Tex. Crim. App. 1992).  Thus, we overrule Sabillon’s fifth point.

VI.  Conclusion

Having overruled Sabillon’s five points, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 31, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.