**Arturo Alberto TOLENTINO & Norma C. Tolentino, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63575.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 15, 1982.

Robert R. Harris, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., & Stuart Leeds, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and CLINTON and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is a joint appeal by Arturo Alberto Tolentino and Norma C. Tolentino, appellants. In a joint trial before a jury, they were each found guilty for committing the felony offense of possession of marihuana. The same jury assessed punishment for each appellant at five years' confinement in the penitentiary, but the punishment was ordered probated upon the jury's recommendation to the trial court.

Appellants raise only one ground of error in their joint appeal. They claim that the search warrant issued in this cause, which resulted in seizure of marihuana for which they were convicted of possessing, should not have issued because it was based upon an invalid affidavit. We agree and reverse.

The affidavit for the search warrant in pertinent part reads verbatim as follows:

ON OR ABOUT THE 3rd OF JANUARY 1979, OFFICER FOUND A TELE-PHONE COMPANY BAG (SHOPPING

BAG) ABANDON ON TH GROUND AT THE INTERSECTION OF MESA HILLS AND SUNLAND PARK DR. ~~OB~~ UPON INVESTIGATION OFFICER FOUND THAT THE TELEPHONE BAG CONTAINED ~~5~~ PACKAGING FOR APPROX. ~~5~~ PACKAGES OF WHAT IS KNOWN AS MARIJUANA BRICKS. IN THE PACKAGING OFFICER FOUND IT WAS LINED WITH A SMALL AMOUNT OF MARIJUANA (SEEDS AND STEMS). OFFICER ALSO FOUND A CONTENNETAL AIRLINE LUGGAGE CLAIM CHECK WITH THE NAME A. TOLENTINO WRITTEN ON IT. BEING THE LOCATION IS ISOLATED FROM ANY RESIDENTAL AREA EXCEPT FOR THE WEST TOWN APARTMENT COMPLEX APPROX. TWO CITY BLOCKS DUE EAST. OFFICER THEN WENT TO THE APARTMENT COMPLEX AND TALKED TO A RESIDENT OF THE COMPLEX, WHO STATED THAT THAT TOLENTINO LIVED IN APARTMENT # 118, AND IS 21–25 YOA. DUE TO THE TIME OFFICER FOUND THE BAG AND THE ~~BAG HAD~~ IT HAD NOT BEEN THERE EARLIER IN THE NIGHT OFFICER BELIEVES THAT THE BAG WAS RESENTLY ABANDONED, OFFICER BELIEVE THE SUBJECT TO HAVE THE MARIJUANA FROM THE EMPTY PACKAGING IN HIS APARTMENT 734 MESA HILLS # 118, FOR POSSIBLE DISTRIBUTIO AND SALE. THE RESIDENT WHO IS KNOWN TO BE RELIABLE TO OFFICER REQUEST TO REMAIN ANONYMOUS.

■ Other than to acknowledge that there was other testimony adduced at the hearing on the appellants' motion to suppress the search warrant, which was overruled by the trial court, we find that the above affidavit tells it all as to why the affiant went to a justice of the peace and obtained a search warrant. When the State relies upon a search warrant to establish the validity of a search, as they have done in this cause, and not from testimony of officers who testified at the motion to sup-

press hearing, then the question of probable cause is determined facially from the four corners of the affidavit. *Cherry v. State,* 479 S.W.2d 924 (Tex.Cr.App.1972); *Gaston v. State,* 440 S.W.2d 297 (Tex.Cr.App.1969), cert. denied, 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed.2d 435 (1969); Cf. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Ramsey v. State,* 579 S.W.2d 920 (Tex.Cr.App.1979).

■ By the provisions of the Federal and Texas Constitutions, as well as the statutory law of this State, a search warrant may not issue unless it is predicated or based upon probable cause. See Article IV, United States Constitution; Art. I, Sec. 9, Texas Constitution; Art. 18.01(b), V.A.C. C.P. In order for an affidavit for a search warrant to show probable cause, it must set forth sufficient circumstances to enable a magistrate to judge, independently, the validity of the affiant's belief that contraband is at the place to be searched. No magical formula exists for stating such information. *Frazier v. State,* 480 S.W.2d 375, 379 (Tex. Cr.App.1972). Probable cause will be found to exist if the affidavit shows facts and circumstances within the affiant's knowledge and of which the affiant has reasonable trustworthy information sufficient to warrant a person of reasonable caution to believe that the criteria set forth in Art. 18.01(c), V.A.C.C.P., has been met, that is, that the affidavit has set forth facts which establish that (1) a specific offense has been committed; (2) the property to be searched or items to be seized constitute evidence of the offense or evidence that a particular person committed the offense; (3) the property or items are located at or on the person, place or thing to be searched. See *Berger v. New York,* 388 U.S. 41, 55, 87 S.Ct. 1873, 1881, 18 L.Ed.2d 1040 (1967); *Draper v. U. S.,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). It is axiomatic, however, that mere affirmation of belief or suspicion is not enough to sustain the issuance of a search warrant. *Nathanson v. U. S.,* 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933).

The affidavit in this cause unquestionably fails on all grounds. The appellants' motion to suppress should have been sustained.

The affidavit in this cause is devoid of any recitation of underlying circumstances or facts to test the requirement that before a search warrant may issue probable cause must be shown. There is nothing shown in the affidavit to establish the inference and support the belief that marihuana was in the residence of the appellants. The affidavit before us reflects absolutely nothing more than the possibility that because an airline claim ticket with the name "A. Tolentino" thereon was found in a grocery type bag which contained particles of illegal contraband, the type wrapping paper found was that which is ordinarily used to wrap marihuana, one of the appellants had the name Arturo Tolentino, and it was established that he lived nearby, that this connected one of the appellants with the bag found in a median of a roadway. Suspicion and conjecture do not constitute probable cause, and the facts as recited in the affidavit in this cause evidence nothing more than mere suspicion. The appellants' motion to suppress should have been granted. See also *Aguilar v. Texas*, 378 U.S. 408, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The judgments of conviction are reversed and the cause is ordered remanded.