02-10-030-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00030-CR 

 

 


 
 
 Samuel David Farhat
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM County Criminal Court No. 2
OF Denton COUNTY

------------

OPINION

----------

I.  Introduction

          Appellant Samuel
David Farhat appeals his conviction for the Class B
misdemeanor offense of driving while intoxicated (DWI).  In a single point, Farhat
argues that the trial court erred by denying his motion to suppress blood
evidence seized with a warrant. Farhat argues that
the affidavit underlying the search warrant is insufficient because it did not
provide the magistrate with a substantial basis for concluding that probable
cause existed that he was intoxicated. 
We will reverse and remand.

II. 
Factual and Procedural Background

          On
January 11, 2008, at approximately 12:50 a.m., Corporal Patrick Finley of the
Highland Village Police Department was traveling eastbound on Justin Road in
Denton County, Texas, when he observed Farhat’s
vehicle traveling in the opposite direction at ten miles per hour below the
posted speed limit of forty miles per hour.  Corporal Finley made a u-turn, followed Farhat’s vehicle for approximately one-half mile, and
observed the vehicle weave from side to side and signal a right-hand turn before
turning left into a KFC restaurant’s parking lot. The officer initiated a stop
in the KFC parking lot.  

When Corporal Finley approached the driver’s window,
he noticed two pill bottles in the center console.  Farhat refused to
perform any sobriety tests, so Corporal Finley placed him under arrest.  Corporal Finley then prepared a sworn
affidavit for a blood-draw search warrant, and the magistrate subsequently
signed a search warrant based on the affidavit. 


The affidavit in support of the blood warrant states,
in total,

On 01-11-2008 at approximately 0050 hours, I, Cpl. Finley #516 was
driving eastbound in the 1900 block of Justin road and visually observed a
vehicle turning from Sellmeyer onto Justin road.  I turned around at the light and started
westbound when I could see a vehicle driving very slow approximately 30 miles
an hour in a 40 mile per hour zone.  I
pulled my patrol vehicle behind the vehicle a silver BMW with dealer
plates.  The vehicle was weaving from
sided [sic] to side and continued for about a half a mile in the left
lane.  As the vehicle approached the KFC
parking lot the vehicle turned on the right turn signal and crossed over the
left lane into the parking lot.  I
activated my overhead lights and conducted a traffic stop in the parking lot at
2180 Justin road KFC.  I noticed two pill
bottles in the center console and asked where the driver later identified as Farhat, Samuel David, A/M DOB
05-04-1966 the defendant [sic].  I asked
the defendant to step out of the vehicle to check to see if he was ok to
drive.  The defendant refused to do any
road side test and was placed in double locked properly spaced handcuffs.

 

Farhat was charged by information with DWI.  He filed a pretrial
motion to suppress the blood evidence, alleging that the affidavit supporting
the search warrant was legally insufficient. 
After a hearing, the trial court denied Farhat’s
motion.  Farhat
pleaded no contest.  The trial court
sentenced him to 160 days’ confinement, probated for eighteen months, and a
fine of $600.

Farhat requested that the trial court make findings of fact
and conclusions of law concerning its suppression ruling; the trial court entered
the following:

FINDINGS OF FACT

At about 12:50AM on January 11, 2009, Corporal Patrick Finley of the
City of Highland Village Police Department was [traveling] westbound in the
1900 block of Justin Road in Denton County, Texas when he observed a vehicle
traveling at 30 MPH in a 40 MPH zone.  He
further observed that the vehicle weaving from side to side and travelled in
the left lane of traffic (a reasonable interpretation being that he was driving
in the wrong lane, to wit: the oncoming lane) for approximately one-half a
mile.  The Officer stopped the vehicle,
identified as a BMW with dealer plates, in a parking lot at 2180 Justin
Road.  Upon contacting the driver, the
Officer observed two pill bottles in the console, and asked the driver,
identified as Samuel David Farhat to step out of the
vehicle.  The driver refused to
participate in roadside tests to determine intoxication.  The Officer, suspecting the driver may be
intoxicated, based on the erratic driving behavior, the pills in the console, and the Officer’s opportunity to personally
observe the driver, subsequently placed the driver under arrest.  Corporal Finley further sought and obtained a
search warrant for the driver’s blood from a qualified magistrate.

CONCLUSIONS OF LAW

Viewing the issuing magistrate’s determination in a reasonable,
commonsense, and realistic manner, the four corners of the affidavit provided
sufficient probable cause to issue a warrant for seizure of the defendant’s
blood.

 

III. 
Motion to Suppress

In his sole point, Farhat
argues that the trial court erred by denying his motion to suppress because
Corporal Finley’s affidavit did not provide a substantial basis for the
magistrate to conclude that probable cause existed to support the issuance of the
blood-draw search warrant.

A.  
Standard of Review and Law on Search Warrant
Affidavits

The
police may obtain a defendant’s blood for a DWI investigation through a search
warrant.  Beeman v. State, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); see Tex. Code Crim. Proc. Ann. art. 18.01(j) (Vernon Supp. 2010); State
v. Johnston, 305 S.W.3d 746, 750 (Tex. App.—Fort Worth 2009, pet. stricken).  A search warrant cannot issue unless it is
based on probable cause as determined from the four corners of an
affidavit.  U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) (“A sworn
affidavit . . . establishing probable cause shall be filed in every instance in
which a search warrant is requested.”); Nichols
v. State, 877 S.W.2d 494, 497 (Tex. App.—Fort Worth 1994, pet. ref’d).

Under
the Fourth Amendment and the Texas constitution, an affidavit supporting a
search warrant is sufficient if, from the totality of the circumstances
reflected in the affidavit, the magistrate was provided with a substantial
basis for concluding that probable cause existed.  Swearingen
v. State, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004); Nichols, 877 S.W.2d at 497.  Article 18.01(c) requires an affidavit to set
forth facts establishing that (1) a specific offense has been committed, (2)
the item to be seized constitutes evidence of the offense or evidence that a
particular person committed the offense, and (3) the item is located at or on
the person, place, or thing to be searched. 
Tex. Code Crim. Proc. Ann. art. 18.01(c); see Tolentino v. State, 638 S.W.2d 499, 501 (Tex. Crim. App. [Panel Op.] 1982).  Probable cause for a search warrant exists if,
under the totality of the circumstances presented to the magistrate in an
affidavit, there is at least a “‘fair probability’” or “‘substantial chance’” that
contraband or evidence of a crime will be found at the specified location.  Flores
v. State, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (quoting Illinois v. Gates, 462 U.S. 213, 238, 257
n.13, 103 S. Ct. 2317, 2332, 2342 n.13 (1983)). 
The affidavit must contain “sufficient information” to allow the issuing
magistrate to determine probable cause because the magistrate’s action “cannot
be a mere ratification of the bare conclusions of others.”  Gates, 462 U.S. at 239, 103 S. Ct. at 2333.  In order to ensure that such an abdication of
the magistrate’s duty does not occur, courts are to “conscientiously review the
sufficiency of affidavits on which warrants are issued.”  Id.

When
reviewing a magistrate’s decision to issue a warrant, we apply a deferential
standard in keeping with the constitutional preference for a warrant.  Rodriguez v. State, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007); Swearingen, 143 S.W.3d
at 810–11; Emenhiser v. State, 196 S.W.3d 915, 924–25 (Tex.
App.—Fort Worth 2006, pet. ref’d).  No magical formula exists for determining
whether an affidavit provides a substantial basis for a magistrate’s probable
cause determination.  Tolentino, 638 S.W.2d at 501.  Instead, when a court reviews an issuing
magistrate’s determination, the court should interpret the affidavit in a
commonsense and realistic manner, recognizing that the magistrate may draw
reasonable inferences. See Rodriguez,
232 S.W.3d at 61 (“When in doubt, we defer to all reasonable inferences that
the magistrate could have made.”); see
also Davis v. State, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006); Nichols, 877 S.W.2d at 498.  Nevertheless, a magistrate should not read into
an affidavit material information that does not
otherwise appear on its face.  Cassias v. State, 719 S.W.2d 585, 590
(Tex. Crim. App. 1986); State v. Jordan,
315 S.W.3d 660, 664 (Tex. App.—Austin 2010, pet. granted).  A magistrate should not have to resort so
much to inferences and “common sense” conclusions that skirt the boundaries of
what constitutes a substantial basis; when too many inferences must be drawn,
the result is a tenuous rather than a substantial basis for the issuance of a
warrant.  Davis, 202 S.W.3d at 157.

B.  Affidavit Did Not Provide

Substantial
Basis for Concluding that Probable Cause Existed

 

The
four corners of Corporal Finley’s affidavit demonstrate that:

(1) Farhat was driving thirty miles per hour in a forty-mile-per-hour zone at approximately
12:50 a.m.;

 

(2) he was weaving from side to side;

 

(3) he continued in the left lane for about one-half mile; 

 

(4) he turned on his right-turn signal but turned left into a KFC restaurant’s
parking lot; 

 

(5) the officer, upon stopping Farhat, saw two
pill bottles in the center console of Farhat’s
vehicle; 

 

(6) Farhat refused field
sobriety tests; and

 

(7) Corporal Finley believed that Farhat had
committed DWI.

 

For
the reasons set forth below, we hold that the affidavit does not provide the
magistrate with a substantial
basis to conclude that probable cause existed.  See Swearingen, 143 S.W.3d
at 810–11; Tolentino,
638 S.W.2d at 501.  In other
words, we hold that the meager facts contained within
the four corners of the affidavit did not provide the
magistrate with a substantial basis to conclude that there was a fair
probability or substantial chance that Farhat had
committed the offense of DWI or that evidence of intoxication would be found in
Farhat’s blood. 
See Tex.
Code Crim. Proc. Ann. art. 18.01(c)(1); Flores, 319 S.W.3d at 702 (quoting Gates, 462 U.S. at 238, 257 n.13, 103
S. Ct. at 2332, 2342 n.13).

The
trial court’s findings of fact state that Corporal Finley suspected Farhat
of DWI “based on the erratic driving behavior, the pills in the console, and the Officer’s opportunity to personally observe the driver.”  [Emphasis added.]  But the affidavit contains no mention of what
those personal observations were.  Cf., e.g., Cotton v. State, 686 S.W.2d 140, 142
(Tex. Crim. App. 1985) (evidence of intoxication may include the odor of alcohol on one’s breath or body, bloodshot eyes,
slurred speech, unsteady balance, and a staggered gait); Campos v. State, 623 S.W.2d 657, 660 (Tex. Crim. App. 1981) (smell
of beer on defendant and defendant’s “thick-tongued” speech and unsteadiness on
his feet); Stratton v. State, No.
09-09-00220-CR, 2010 WL 2696158, at *2 (Tex. App.—Beaumont July 7, 2010, no
pet.) (mem. op., not designated for publication)
(defendant had strong odor of alcohol on his breath,
had red, glassy eyes, was heavy footed, and was thick-tongued); State v. Dugas,
296 S.W.3d 112, 117 (Tex. App.—Houston [14th Dist.]
2009, pet. ref’d) (defendant smelled of alcohol, had
slurred speech, was unsteady on his feet, admitted to consuming alcohol, failed
multiple field sobriety tests, and became dazed and confused); Martin v. State, No. 02-08-00128-CR,
2009 WL 2414294, at *3 (Tex. App.—Fort Worth August 6, 2009, no pet.) (mem. op., not designated for publication) (defendant was involved in automobile crash, fled the scene,
walked and talked in a manner that led officers to believe he was very
intoxicated, and was combative toward officers).   “It is one thing to draw
reasonable inferences from information clearly set forth within the four
corners of the affidavit . . . [but] it is quite another matter to read
material information into an affidavit that does not otherwise appear on its
face.”  Cassias, 719 S.W.2d at 590 (citation omitted); Jordan, 315 S.W.3d at 664.  Because
the affidavit is totally devoid of any of the officer’s specific personal
observations of Farhat, the affidavit contains no
facts within its four corners from which the magistrate could have reasonably
inferred from Farhat’s demeanor, behavior, or
appearance that there was fair probability or substantial chance that Farhat had committed the offense of DWI or that evidence of
intoxication would be found in Farhat’s blood.  See
Rodriguez, 232 S.W.3d at 61; cf.
Flores, 319 S.W.3d at 702 (quoting Gates,
462 U.S. at 238, 257 n.13, 103 S. Ct. at 2332, 2342 n.13).  The magistrate’s probable cause
determination cannot be a mere ratification of Corporal Finley’s
conclusions.  See Gates, 462 U.S. at 239, 103 S. Ct. at 2333.

And
contrary to the trial court’s finding that the officer saw “pills in the console” of Farhat’s vehicle, the affidavit states only that the
officer saw two pill bottles in the
center console.  The affidavit does not
state that the bottles actually contained pills, and even if a reasonable
inference could be drawn that the bottles did contain pills, the affidavit was
silent as to the type of pill bottles, whether they were prescription or
over-the-counter medicine bottles, whether Farhat
admitted to consuming pills from the bottles, or whether Farhat’s
demeanor or appearance suggested that he had consumed
them.  Cf., e.g., Bailey v. State, No. 10-06-00297-CR, 2008 WL 2687094, at *2 (Tex. App.—Waco July 9,
2008, no pet.) (mem. op.,
not designated for publication) (holding probable cause established when defendant
wrecked her car into a ditch, had several prescription pill bottles in the car,
admitted to taking three pills, and failed three sobriety tests); Dennis v. State, No. 08-01-00207-CR,
2002 WL 1301577, at *4 (Tex. App.—El Paso June 13, 2002, no pet.) (not designated for publication) (holding
that sufficient evidence of intoxication existed when appellant’s speech was slurred,
balance was unsteady, and reactions were slow, and when fifteen to twenty prescription
pill bottles were found in his car).  The naked assertion of “two
pill bottles,” without other facts and circumstances pointing to intoxication,
cannot support
an inference that the bottles contained intoxicating pills or that Farhat had consumed them, causing intoxication.  See
Jordan, 315 S.W.3d at 664 (holding that even though affidavit supported
conclusion that defendant had been driving while intoxicated on some date,
affidavit’s missing date left no fact from which magistrate could infer date).

Farhat’s driving behavior—driving
ten miles per hour below the forty miles-per-hour speed limit, weaving from
side to side, and turning on his right-turn signal before turning the opposite
direction into the parking lot—and his refusal to perform field
sobriety tests are part of the totality of the circumstances to consider in
determining whether the magistrate had a substantial basis for concluding
probable cause existed.  See, e.g.,
Maxwell v. State, 253 S.W.3d 309, 314
(Tex. App.—Fort Worth 2008, pet. ref’d) (considering
defendant’s refusal to perform field sobriety tests, weaving within lane,
failing to use turn signal, and speeding as part of totality of circumstances for
probable cause to arrest); State v.
Garrett, 22 S.W.3d 650, 654–55 (Tex. App.—Austin 2000, no pet.) (considering defendant’s unlawful and erratic driving
behavior and refusal to perform field sobriety tests, along with other facts,
in determining that officers had probable cause to arrest).  We cannot agree with the trial court’s finding that a reasonable
interpretation of Corporal Finley’s statement in his affidavit that Farhat “continued for about a half a mile in the left lane”
was that Farhat “was driving in the wrong lane, to
wit: the oncoming traffic.”  Why would an
officer follow a vehicle that is driving into oncoming traffic for half a mile
without immediately turning on his patrol vehicle’s overhead lights and
executing a stop?  The affidavit clearly
demonstrates that Corporal Finley did not activate his overhead lights during
that one-half mile; he waited until after Farhat
turned into the KFC parking lot to initiate a stop.  Thus, the magistrate could not have
reasonably inferred from or read into the affidavit that “continu[ing] for about a half a mile in the left lane” meant
“driving in the wrong lane, to wit: the oncoming traffic.”  See Davis,
202 S.W.3d at 157; Cassias, 719 S.W.2d at 590.

The
remaining facts contained in the affidavit show that Farhat
was driving ten miles below the speed limit shortly before 1:00 a.m., that he
“was weaving from sided [sic] to side,” that he turned on his right-turn signal before turning
the opposite direction into the parking lot, and that he refused field sobriety
tests.  We do not know from the affidavit
the extent of Farhat’s weaving or whether he was
weaving outside of his lane or into oncoming traffic nor is it reasonable to
infer such facts.  Cf., e.g., Hernandez v. State,
983 S.W.2d 867, 870 (Tex. App.—Austin 1998, pet. ref’d)
(holding that defendant’s slow swerve into another same-direction lane did not
give rise to lower standard of reasonable suspicion to stop for suspicion of
DWI); State v. Tarvin,
972 S.W.2d 910, 912 (Tex. App.—Waco 1998, pet. ref’d) (“Although mere weaving in one’s own lane of traffic
can justify an investigatory stop when that weaving is erratic, unsafe, or
tends to indicate intoxication or other criminal activity, there is nothing in
the record to show that Hill believed any of the above to be the case.”).  This case is about probable cause for a blood
draw, not whether Corporal Finley had reasonable suspicion to stop Farhat, and we cannot see how the facts contained within
the affidavit, and reasonable inferences therefrom,
establish that there was a fair probability or substantial chance that evidence
of intoxication would be found in Farhat’s
blood.  Cf. Flores, 319 S.W.3d at 702 (quoting Gates, 462 U.S. at 238, 257 n.13, 103
S. Ct. at 2332, 2342 n.13).  Too
many inferences must be drawn and too many facts must be read into the
affidavit in this case, which result in at most “a tenuous rather than a
substantial basis” for the issuance of a warrant.  Davis,
202 S.W.3d at 157; see Cassias, 719 S.W.2d at 590.

The
State relies heavily on Rodriguez to
argue that the combined logical force of the facts actually contained in
Corporal Finley’s affidavit substantiates the probable cause determination of
the magistrate.  See 232 S.W.3d at 64 (holding that the
only issue was whether the facts actually contained in the affidavit were
sufficient to establish a fair probability that evidence of a crime would be
found).  However, Rodriguez turned on two simple and reasonable inferences that did
not distort common sense or require
reading additional facts into the affidavit.  See id.
(explaining that magistrate could infer (1) that package of cocaine found
in backseat of car belonging to appellant’s uncle was the same package that
police saw appellant’s uncle take from garage and throw in the backseat and (2)
that, based on this fact, more drugs were located in that garage).  In
the instant case, the only way to make inferences that would support a finding
that a substantial basis existed to support a probable cause determination is to
read additional facts into the affidavit and to then draw inferences from those
additional facts.  We recognize that
affidavits are often drafted by nonlawyers, in the
midst and haste of a criminal investigation, but that does not excuse the
affiant from the requirement that the facts set forth in the four corners of
the affidavit must show that there is probable cause to issue a search
warrant.  See id. at 63–64.

Based
on the facts contained within the four corners of the affidavit and any
reasonable inferences therefrom, according deference
to the magistrate’s probable cause determination, and conscientiously reviewing
the totality of the circumstances set forth in the affidavit, we hold that the
magistrate did not have a substantial basis for concluding that there was a
fair probability or substantial chance that Farhat
had committed the offense of DWI or that evidence of intoxication would be
found in Farhat’s blood.  See Tex. Code Crim. Proc. Ann. art. 18.01(c); Gates, 462 U.S. at 239, 103 S. Ct. at 2333;
Rodriguez, 232 S.W.3d at 60; Swearingen, 143 S.W.3d
at 810–11; Tolentino,
638 S.W.2d at 501. 
That is, focusing on the combined logical force of the facts that are
contained in the affidavit and the reasonable inferences therefrom, the affidavit did
not provide the magistrate with a substantial basis for concluding that
probable cause existed.  See Tex. Code Crim. Proc.
Ann. art. 18.01(c); Tolentino, 638 S.W.2d
at 501.  Accordingly, we hold that
the trial court erred by denying Farhat’s motion to
suppress.

C.  Harm Analysis

          Having found error, we must conduct a
harm analysis to determine whether the error calls for reversal of the
judgment.  Tex. R. App. P. 44.2.  Because the error involved is of
constitutional magnitude, we apply rule 44.2(a) and reverse unless we determine
beyond a reasonable doubt that the error did not contribute to Farhat’s conviction or punishment.  See Tex.
R. App. P. 44.2(a); Hernandez v. State, 60 S.W.3d 106, 108 (Tex. Crim.
App. 2001).  The question is whether the
trial court’s error in denying Farhat’s motion to
suppress was harmless beyond a reasonable doubt.  See Williams v. State, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).  In applying the “harmless error” test, our
primary question is whether there is a “reasonable possibility” that the error
might have contributed to the conviction.  Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998) (op. on reh’g), cert.
denied, 526 U.S. 1070 (1999).

          The only evidence that Farhat was intoxicated came from the results of a blood
test, obtained in violation of Farhat’s
constitutional protection against unreasonable search and seizure.  We are thus unable to determine beyond a
reasonable doubt that the trial court’s error in denying Farhat’s
motion to suppress did not contribute to Farhat’s
conviction or punishment for DWI.  See
Williams, 958 S.W.2d at 195.  We sustain Farhat’s
sole point.

IV. Conclusion

Having
sustained Farhat’s sole point, we reverse the trial
court’s order denying his motion to suppress and remand to the trial court for
further proceedings consistent with this opinion.

 

 

SUE WALKER
JUSTICE

 

PANEL:  DAUPHINOT, WALKER,
and GABRIEL, JJ.

 

PUBLISH

 

DELIVERED:  January 6, 2011