02-10-342-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00342-CR

 

 


 
 
 Mary Crawford Stanley
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 5 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          The
trial court denied Appellant Mary Crawford Stanley’s motion to suppress after
it concluded that a police officer’s affidavit requesting a warrant to obtain Stanley’s
blood sample established sufficient probable cause that she was driving while
intoxicated.  In one point, Stanley argues that the arresting officer’s search
warrant affidavit failed to establish probable cause that Stanley was driving
while intoxicated.  We will affirm.

II.  Factual
and Procedural Background

          On
the night of November 29, 2008, Stanley was involved in a collision with a car. 
Flower Mound Police Officer Thomas Cox responded to the accident, observed
Stanley’s appearance and behavior, performed three standardized field sobriety tests,
and arrested Stanley for driving while intoxicated.  Because Stanley refused to
give a breath or blood specimen, the arresting officer completed an affidavit
requesting a magistrate judge to issue a search warrant for Stanley’s blood. 
In the early morning of November 30, 2008, the magistrate judge signed the search
warrant, and Stanley’s blood was drawn.

          Stanley
was subsequently charged by information with driving while intoxicated, and she
moved to suppress the evidence obtained by the magistrate’s search warrant,
arguing that Officer Cox’s affidavit lacked probable cause.  At the hearing,
the State entered the search warrant and affidavit into evidence, but neither
party entered any other exhibit or testimony.  The trial court denied Stanley’s
motion, and in August 2010, Stanley pleaded nolo contendere to driving
while intoxicated.  The trial court imposed a $600 fine and sentenced Stanley
to 180 days in jail, probated for eighteen months.  In accordance with her plea
bargain, Stanley preserved her right to appeal the denial of her motion to
suppress.  This appeal followed.

III.  Sufficiency
of Affidavit

          In
her only point, Stanley argues that Officer Cox’s search warrant affidavit failed
to establish probable cause that Stanley was driving while intoxicated.

          During
a DWI investigation, law enforcement may obtain a defendant’s blood  through a
search warrant.  Beeman v. State, 86 S.W.3d 613, 616 (Tex. Crim. App.
2002); see Tex. Code Crim. Proc. Ann. art. 18.01(j) (West Supp. 2010).  Under
the Fourth Amendment and the Texas constitution, a magistrate must find
probable cause within the four corners of an affidavit in order to issue a
search warrant.  U.S. Const. amend. IV; Tex Const. art. I, § 9; Tex. Code.
Crim. Proc Ann. art. 18.01(b); Nichols v. State, 877 S.W.2d 494, 497
(Tex. App.—Fort Worth 1994, pet. ref’d).  When reviewing an affidavit’s
sufficiency and a magistrate’s determination of probable cause, we limit our
review to the totality of the circumstances within the four corners of the
affidavit and defer to the magistrate’s probable cause determination “so long
as the magistrate had a ‘substantial basis for . . . conclud[ing]’
that a search would uncover evidence of wrongdoing.”  Illinois v. Gates,
462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983) (quoting Jones v. United
States, 362 U.S. 257, 271, 80 S. Ct. 725, 736 (1960), overruled on
other grounds by United States v. Salvucci, 448 U.S. 83, 100 S. Ct.
2547 (1980)); Swearingen v. State,
143 S.W.3d 808, 810 (Tex. Crim. App. 2004); Jones v. State, 833
S.W.2d 118, 123 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 921
(1993)); see also Flores v. State, 319 S.W.3d 697, 702 (Tex. Crim. App.
2010).  Probable cause is established if a person of reasonable caution would
be warranted in believing that the affidavit includes facts and circumstances
which meet the criteria in article 18.01(c) of the code of criminal procedure. 
Hogan v. State, 329 S.W.3d 90, 94 (Tex. App.—Fort Worth 2010, no pet.)
(citing Tolentino v. State, 638 S.W.2d 499, 501 (Tex. Crim. App. [Panel
Op.] 1982)); see Tex. Code. Crim. Proc. Ann. art. 18.01(c).  The
affidavit must set forth facts establishing (1) that a specific offense
has been committed, (2) that the item to be seized constitutes evidence of
that offense or evidence that a particular person committed that offense, and
(3) that the item is located at or on the particular person, place, or
thing to be searched.  See Tex. Code Crim. Proc. Ann. art. 18.01(c); Tolentino,
638 S.W.2d at 501; Hogan, 319 S.W.2d at 94.

          Our
highly “deferential standard of review is appropriate to further the Fourth
Amendment’s strong preference for searches conducted pursuant to a warrant,” which mitigates possible “intrusion[s] upon” an
individual’s Fourth Amendment-protected interests.  Davis v. State, 202
S.W.3d 149, 157 (Tex. Crim. App. 2006).  Thus, “‘courts should not invalidate . . .
warrant[s] by interpreting affidavit[s] in a hypertechnical . . .
manner’” but should instead “interpret [affidavits] in a commonsense and
realistic manner” and “must allow for any reasonably available
inferences” drawn by a magistrate.  Gates, 462 U.S. at 236,
103 S. Ct. at 2331 (emphasis added) (quoting United
States v. Ventresca, 380
U.S. 102, 109, 85 S. Ct. 741, 746 (1965)); Davis, 202 S.W.3d at 157–58;
Hogan, 329 S.W.3d at 94.  Although a magistrate’s “action cannot be a
mere ratification of . . . bare conclusions” found in the affidavit,
“‘[t]he issue is not whether there are other facts that could have, or even
should have, been included in the affidavit; we focus on the combined logical
force of facts that are in the affidavit, not those that are omitted
from the affidavit.’”  Gates, 462 U.S. at 239, 103 S. Ct. at 2333; Hogan,
329 S.W.3d at 94 (quoting Rodriguez v. State, 232 S.W.3d 55, 62
(Tex. Crim. App. 2007)).

          Here,
the affidavit states that (1) “[o]n or about the 29 day of November, 2008,
[Stanley] . . . operate[d] a motor vehicle in a public place in
Denton County, Texas while intoxicated by not having the normal use of mental
or physical faculties by reason of the introduction of alcohol . . .”;
(2) “human blood . . . constitutes evidence that [Stanley]
committed the offense”; and (3) “[Stanley] has possession of and is
concealing human blood.”  Officer Cox explained that he smelled a “slight”
alcoholic odor on Stanley’s breath and that he heard Stanley erroneously state
that she was located in Lake Dallas.  When Officer Cox asked if she had been
drinking, Stanley responded that she “had one.”  According to Officer Cox,
Stanley also stated prior to her arrest that she “would rather go to jail than
let [her] [priest] father know the amount [that she] was drinking.”  Officer
Cox’s affidavit indicated that Stanley’s balance was swayed and unsteady, her
walking was staggered, her speech was slurred, her eyes were red and watering,
and her attitude was cocky and uncooperative.  In addition to these
observations, the affidavit included results from three different field
sobriety tests—the horizontal gaze nystagmus (HGN) test, the walk and turn
test, and the one leg stand test.  Officer Cox observed five clues of
intoxication when he performed the HGN test.  He further noted that during the
instruction phase of the walk and turn test, Stanley could not keep her balance,
started too soon, and “almost fell.”  During the test’s walking stage, Stanley
“stopped on the ninth step” because, according to her, she “was cold.”  Officer
Cox commented that Stanley “put [her] foot down more than three times” during the
one leg stand test.

          Stanley
argues that her poor performance during the field sobriety tests and her
geographical disorientation were attributable to trauma rather than
intoxication and that in order for a magistrate to infer the opposite, he “must
base the opinion on an officer [who is] clearly demonstrated to be trained and
certified to make that call.”  Stanley challenges the officer’s ability to
“make that call,” contending that “[t]he officer’s affidavit fails to detail
his training and experience which would lend a magistrate to rely on him.”  Stanley
takes specific issue with the officer’s ability to conduct the HGN test and
argues that the only reference to the officer’s training is a conclusory
statement that invalidates the supporting affidavit.[2]

          Although
Stanley is correct that a magistrate cannot issue a search warrant based on
conclusory statements alone, see Gates, 462 U.S. at 239, 103 S. Ct.
at 2333, she incorrectly asserts that an affidavit requires some
explanation to a magistrate of the officer’s specific training and
ability to interpret the observations and that an affidavit is fatally
undermined by its failure to detail the officer’s training and experience.  See
Hogan, 329 S.W.3d at 96 (holding that an affidavit’s omission of an officer’s
detailed experience with DWI cases does not invalidate the affidavit’s
sufficiency).  Moreover, while the “[b]est practice is for the affiant
expressly to include an officer’s experience, background information, and
previous association with [intoxicated drivers and field sobriety tests] so that
little is left to inference, . . . the law requires that we defer to
a magistrate’s reasonable, common sense conclusions.”  Davis, 202 S.W.3d
at 157–58.  Thus, we agree with the State that a magistrate may reasonably
infer from the affidavit that Officer Cox was trained to administer and
interpret all three field sobriety tests.  The affidavit in this case states
that Officer Cox is a peace officer employed by a law enforcement agency (the
Flower Mound Police Department), that he has seen intoxicated persons on many
occasions in the past, and that based on his training and experience, Stanley
was intoxicated.  The affidavit also states that Officer Cox recorded results
and observations of Stanley’s performance of the field sobriety tests, and it
lists and identifies the various clues associated with the HGN test and
outlines the phases of the walk and turn test.  Without reading additional
facts into the affidavit, the magistrate could have reasonably concluded that
Officer Cox’s assertion that he observed five clues while performing the HGN
test was based on his training and experience with intoxicated persons.

          To
the extent Stanley argues that equally conflicting inferences could be drawn
from the affidavit (e.g., Stanley’s trauma, instead of intoxication, accounts
for her behavior), this does not destroy the affidavit’s sufficiency.  See Rodriguez,
232 S.W.3d at 64 (“It is not necessary to delve into all of the facts that were
omitted by the affiant, facts that could have been included in the affidavit,
or contrary inferences that could have been made by the magistrate.”).  Such
conflicting inferences, as argued here, underscore this court’s duty to defer
to the magistrate’s probable cause determination when supported by a
substantial basis.  See Davis, 202 S.W.3d at 157–58.  Our decision is
consistent with the desire to encourage future police officers to use the
warrant process, which consequently helps preserve an individual’s fundamental
Fourth Amendment rights.  See id. at 157.

          Stanley
also asks us to consider how the trial court’s factual findings here compare to
the factual findings of other cases, all of which established probable cause. See
State v. Dugas, 296 S.W.3d 112 (Tex. App.—Houston [14th Dist.] 2009, pet
ref’d); Thurman v. State, 861 S.W.2d 96 (Tex. App.—Hous. [1st Dist.]
1993, no pet.); Martin v. State, No. 02-08-00128-CR, 2009 WL 2414294
(Tex. App.—Fort Worth Aug. 6, 2009, no pet.) (mem. op., not designated for
publication).  Apparently, Stanley seeks to distinguish her case from these
cases by highlighting facts found in the above cases that are not found in her
case.  For example, in Martin, the appellant fled the scene of an
accident, was combative towards officers, and slurred his speech.  Martin,
2009 WL 2414294, at *3.  Stanley argues that she was neither combative nor
uncooperative and that no evidence indicates that she slurred her speech or was
slow to respond.  However, the officer noted in his affidavit that Stanley was
both cocky and uncooperative and that her speech was slurred.  Not only does
the affidavit foreclose Stanley’s argument, her attempts to parse the language
and somehow distinguish her case from other probable cause cases reflects a hypertechnical
approach to reviewing affidavits, which is contrary to the law’s approach.  See
Gates, 462 U.S. at 236, 103 S. Ct. at 2331.  “No magical formula
exists” for finding probable cause, and we base our decision on the totality of
the circumstances within the affidavit.  See Tolentino, 638 S.W.2d at
501.

          Accordingly,
deferring to the magistrate’s determination of probable cause, we hold that the
affidavit in its entirety establishes sufficient facts, along with reasonable
inferences from those facts, to provide the magistrate judge with a substantial
basis for concluding that obtaining Stanley’s blood would probably aid in proving
that she committed the offense of driving while intoxicated.  We overrule
Stanley’s only point.

IV.  Conclusion

          Having
overruled Stanley’s sole point, we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 28, 2011









[1]See Tex. R. App. P. 47.4.





[2]Stanley argues that the
following statement provides no explanation or affirmation that Officer Cox is
trained to conduct HGN tests:  “Based on all of the above and my experience and
training, I determined that the suspect was intoxicated . . . .”