

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00513-CR

DAVID MUNOZ                                              APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one issue, appellant David Munoz appeals his conviction for driving while intoxicated (DWI).[2] He contends that the trial court erred by denying his motion to suppress blood evidence that the police obtained pursuant to a search warrant after arresting him. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2012) ("A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.").

**Background Facts**

On an early winter morning in 2012, Fort Worth Police Department Officer Jason Back was monitoring traffic while patrons were leaving downtown bars. Back stopped appellant's red Corvette after he observed the driver perform a "short little burnout" and change lanes without signaling.[3] After approaching the car, which appellant was driving, Officer Back immediately smelled alcohol on appellant's breath. When Officer Back asked appellant if he had been drinking that night, appellant admitted to having consumed three beers at the Pour House. Officer Back had appellant exit the vehicle and observed that appellant had watery and dilated eyes, spoke loudly, and had trouble balancing. Appellant showed six clues of intoxication on a horizontal gaze nystagmus (HGN) field sobriety test, and he refused to perform the walk-and-turn and one-leg-stand tests.

Officer Back arrested appellant for DWI. He then read the statutory warning to appellant about providing a breath specimen, and appellant refused to give one. When appellant refused to give a blood specimen as well, Officer Back

---

[3]Officer Back also stated in his affidavit and testified at the suppression hearing that the vehicle's tail lights were off while he observed the "burnout" and lane change. However, video evidence reveals that either the tail lights or brake lights were on by the time of the stop. Whether the tail lights were on or off before the stop, Officer Back had probable cause to stop appellant because changing lanes without a signal is a traffic violation. *See* Tex. Transp. Code Ann. § 545.104(a) (West 2011); *Anderson v. State*, 701 S.W.2d 868, 873 (Tex. Crim. App. 1985), *cert. denied*, 479 U.S. 870 (1986); *Nava v. State*, No. 08-11-00127-CR, 2012 WL 3364230, at *3 (Tex. App.—El Paso Aug. 15, 2012, no pet.) (not designated for publication).

took appellant to jail and typed a search warrant affidavit seeking to draw appellant's blood. A municipal magistrate read the affidavit and signed the warrant, and Officer Back took appellant to a hospital, where a medical professional took appellant's blood sample.[4]

The State charged appellant with DWI. Appellant filed a motion to suppress evidence related to his blood draw by challenging both the validity of the traffic stop and the sufficiency of Officer Back's affidavit. After an evidentiary hearing, the trial court made findings of fact and conclusions of law and denied appellant's motion. About two months later, appellant pled guilty. The trial court fined him $110.90, suspended his driver's license for six months, and sentenced him to three days in jail.

**Denial of Appellant's Motion to Suppress**

In one issue, appellant argues that the trial court erred by denying his motion to suppress because the affidavit used to procure a search warrant for his blood did not contain enough facts to demonstrate probable cause that he had committed DWI.

**Standard of Review and Applicable Law**

The police may obtain a defendant's blood for a DWI investigation through a search warrant. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); *see* Tex. Code Crim. Proc. Ann. art. 18.01(j) (West Supp. 2012); *Hogan v. State*,

---

[4]The parties did not present evidence during the suppression hearing about appellant's blood test results.

3

329 S.W.3d 90, 93 (Tex. App.—Fort Worth 2010, no pet.). A search warrant cannot issue unless it is based upon probable cause as determined from the four corners of an affidavit. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) ("A sworn affidavit . . . establishing probable cause shall be filed in every instance in which a search warrant is requested."); *Nichols v. State*, 877 S.W.2d 494, 497 (Tex. App.—Fort Worth 1994, pet. ref'd). When reviewing a magistrate's decision to issue a warrant, we apply a highly deferential standard in keeping with the constitutional preference for a warrant. *Rodriguez v. State*, 232 S.W.3d 55, 59–60 (Tex. Crim. App. 2007) ("[E]ven in close cases we give great deference to a magistrate's determination of probable cause to encourage police officers to use the warrant process rather than making a warrantless search and later attempting to justify their actions by invoking some exception to the warrant requirement."); *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004); *Emenheiser v. State*, 196 S.W.3d 915, 924–25 (Tex. App.—Fort Worth 2006, pet. ref'd) (op. on reh'g).

Under the Fourth Amendment and the Texas constitution, an affidavit supporting a search warrant is sufficient if, from the totality of the circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed. *Swearingen*, 143 S.W.3d at 810–11; *Nichols*, 877 S.W.2d at 497. Probable cause exists to issue an evidentiary search warrant if the affidavit shows facts and circumstances to warrant a person of reasonable caution to believe that the criteria set forth in article 18.01(c) of the

4

code of criminal procedure have been met. *Tolentino v. State*, 638 S.W.2d 499, 501 (Tex. Crim. App. [Panel Op.] 1982); *see* Tex. Code Crim. Proc. Ann. art. 18.01(c). The affidavit must set forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place, or thing to be searched. *See* Tex. Code Crim. Proc. Ann. art. 18.01(c); *Tolentino*, 638 S.W.2d at 501.

A reviewing court should not invalidate a warrant by interpreting the affidavit in a hypertechnical manner. *See Rodriguez*, 232 S.W.3d at 59; *Tolentino*, 638 S.W.2d at 501 (explaining that "[n]o magical formula exists" for an affidavit's explanation of probable cause); *Nichols*, 877 S.W.2d at 498. Rather, when a court reviews an issuing magistrate's determination, the court should interpret the affidavit in a common sense and realistic manner, recognizing that the magistrate may draw reasonable inferences. *See Rodriguez*, 232 S.W.3d at 61 ("When in doubt, we defer to all reasonable inferences that the magistrate could have made."); *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006); *Nichols*, 877 S.W.2d at 498. "The issue is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of the facts that *are* in the affidavit, not those that are omitted from the affidavit." *Rodriguez*, 232 S.W.3d at 62; *see Nichols*, 877 S.W.2d at 498 ("A warrant is not invalid merely because the officer failed to state

5

the obvious."). The magistrate's determination should prevail in doubtful or marginal cases. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).

Thus, here, we review the affidavit to determine if it provided a substantial basis for the magistrate to determine that probable cause existed to issue a search warrant for appellant's blood.

**Analysis**

Officer Back's affidavit included the following facts:

> I am a peace officer of the State of Texas, . . . and I have good reason to believe that heretofore, . . . ***Munoz, David*** . . . commit[ted] an offense relating to the operat[ion] of a motor vehicle while intoxicated namely: Driving While Intoxicated[].

> On 01/08/12 at 2:20 hrs I Officer JM Back #3863 observed the IMP[5] perform a short "burn out" with his tires . . . .  I also observed that the IMP had no tail lights while driving on a public roadway and make a left to right lane change without a signal.  I followed the IMP initiating a traffic stop, turning on my red and blue lights signaling the IMP to pull over. . . .  I approached the car and asked the driver later identified as ARR[6] Munoz, David . . . for his driver's license. I immediately could smell an odor of an alcoholic beverage about ARR's breath and person as he spoke to me.  After ARR handed me his driver's license I asked him if he had been drinking. ARR responded, "I have had three beers, but I ain't drunk".  I then asked him where he had been drinking, he responded, "at the Po[u]r House".  I then had ARR exit the IMP. I observed that the ARR had watery and dilated eyes, ARR speech was loud. Walk/Balance was swayed.  I then asked the ARR to step in front of my patrol car to perform the FSE's.  The following clues were observed during the FSE's.

---

[5]"IMP" is not defined in Officer Back's affidavit.  He testified at the suppression hearing that "IMP" means an impounded vehicle.

[6]"ARR" is not defined in Officer Back's affidavit.  He testified at the suppression hearing that "ARR" means an arrested person.

1. HGN 6 clues

2. W/T ARR refused

3. 1LS ARR refused

I determined through the Field Sobriety Evaluations and my observations of the ARR that the ARR had lost his mental and [p]hysical abilities to operate a motor vehicle. ARR was then placed under arrest for DWI.

The affidavit concluded by requesting a warrant to seize appellant's blood for a DWI charge.

Appellant contends that the affidavit did not establish probable cause to issue the warrant for his blood specimen because it contained conclusory statements. Specifically, appellant asserts that the affidavit is defective because it

- describes appellant's driving behavior, but the driving behavior does not "rise to the level of probable cause for DWI";

- does not define the acronyms associated with the field sobriety tests, explain the significance of the clues Officer Back observed during the HGN test, or define the other acronyms used in the affidavit; and

- refers to Daniel Gonzalez instead of appellant in section two.

Although the affidavit did not describe driving that would itself establish probable cause that appellant committed DWI, it did not seek to establish probable cause solely on the basis of appellant's driving. The affidavit also explains that appellant refused to provide a breath specimen, and the magistrate

could have inferred from that refusal that appellant's blood would contain evidence of intoxication. *See* Tex. Transp. Code Ann. § 724.061 (West 2011); *Stovall v. State*, No. 03-10-00552-CR, 2011 WL 5865235, at *5 n.7 (Tex. App.—Austin Nov. 23, 2011, no pet.); *see also Nava*, 2012 WL 3364230, at *3. In addition, the affidavit contains additional evidence from which the magistrate could have inferred probable cause: it stated that appellant smelled of alcohol,[7] had "watery and dilated eyes," had swayed balance, spoke loudly, and refused to perform two additional field sobriety tests. *See, e.g., Hughes v. State*, 334 S.W.3d 379, 386–87 (Tex. App.—Amarillo 2011, no pet.); *see also Nava*, 2012 WL 3364230, at *4. It also contains information about appellant's performance on the HGN test. Although the affidavit did not define the acronym "HGN" or explain the nature and significance of the clues observed during the test, it need not do so to be sufficient to establish probable cause. *See Hogan*, 329 S.W.3d at 96 (declining to hold affidavit that did not define field sobriety tests insufficient because it provided additional evidence of intoxication); *see also Gravitt v. State*, No. 05-10-01195-CR, 2011 WL 5178337, at *3 (Tex. App.—Dallas Nov. 2, 2011,

---

[7]Appellant argues that this observation is insufficient because it was not modified by an adjective such as "weak, moderate[,] or strong." However, an odor of alcohol is valid evidence of intoxication whether it is modified by an adjective or not. *See Cotton v. State*, 686 S.W.2d 140, 143 (Tex. Crim. App. 1985) (stating that "alcoholic breath is 'evidence of intoxication'"). Furthermore, the fact that appellant admitted to drinking three beers lends credibility to Officer Back's observation about the odor of alcohol. *See State v. Dugas*, 296 S.W.3d 112, 117 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (listing Dugas's admission that he had been drinking as some evidence to be considered in establishing the sufficiency of an affidavit).

8

pet ref'd) (not designated for publication) ("The fact that the affidavit does not detail . . . the results of the standardized field sobriety[] tests does not render the affidavit inadequate.").

Considered together, these facts provided a substantial basis from which the magistrate could have reasonably inferred probable cause that appellant had committed the offense of DWI. *See, e.g.*, *Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001); *Stovall*, 2011 WL 5865235, at *5; *Hughes*, 334 S.W.3d at 387; *Hogan*, 329 S.W.3d at 96.

Appellant also argues that the affidavit was insufficient because it contained a reference to Daniel Gonzalez instead of appellant. In sections two and three, the affidavit reads,

> That I have good reason to believe that under the laws of the State of Texas, the following described property and items are subject to seizure, to wit: blood from the person of the said Gonzalez, Daniel.
>
> . . . .
>
> That I have good reason to believe and do believe that the blood from the person of the said *Munoz, David* listed and described in paragraph II above are now in the possession and control of the said *Munoz, David* on and within the body of said *Munoz, David*.

In section four, the affidavit concludes by requesting a warrant to search and seize the blood of "Munoz, David." Overall, the affidavit correctly names appellant seven times and mentions Daniel Gonzalez only once. We conclude that the magistrate could have reasonably inferred that the reference to Daniel Gonzalez was merely a typographical error that did not invalidate the warrant.

9

*See, e.g.*, *Rougeau v. State*, 738 S.W.2d 651, 663 (Tex. Crim. App. 1987), *cert. denied*, 485 U.S. 1029 (1988), *overruled on other grounds*, 784 S.W.2d 5 (Tex. Crim. App. 1989); *Lyons v. State*, 503 S.W.2d 254, 255–56 (Tex. Crim. App. 1973); *Rios v. State*, 901 S.W.2d 704, 707 (Tex. App.—San Antonio 1995, no pet.); *see also Salzido v. State*, No. 07-10-00031-CR, 2011 WL 1796431, at *5 (Tex. App.—Amarillo May 11, 2011, pet. ref'd) (mem. op., not designated for publication); *Schornick v. State*, No. 02-10-00183-CR, 2010 WL 4570047, at *3 (Tex. App.—Fort Worth Nov. 4, 2010, no pet.) (mem. op., not designated for publication); *cf. Green v. State*, 799 S.W.2d 756, 759 (Tex. Crim. App. 1990) ("[P]urely *technical* discrepancies in dates or times do not automatically vitiate the validity of search or arrest warrants.").

Appellant cites our decision in *Farhat* as support for his argument that Officer Back's affidavit was invalid because it did not provide enough facts to create a substantial basis from which the magistrate could infer probable cause. *See Farhat v. State*, 337 S.W.3d 302, 307 (Tex. App.—Fort Worth 2011, pet. ref'd). In that case, we held that an affidavit was insufficient because it contained no record of the arresting officer's personal observations of intoxication. *Id.* In contrast, as explained above, Officer Back's affidavit contained multiple personal observations pertaining to signs of intoxication exhibited by appellant. Thus, unlike in *Farhat*, here, the combined logical force of all of the facts in the affidavit provided a substantial basis for the magistrate to infer probable cause that appellant had committed DWI. *See Rodriguez*, 232 S.W.3d at 62.

For these reasons, we hold that the facts contained within Officer Back's affidavit, along with the reasonable inferences that the magistrate could have drawn from those facts, provided a substantial basis for the magistrate to conclude that appellant's blood would reveal evidence of intoxication.  *See id.* The affidavit complied with the United States and Texas constitutions and article 18.01 of the code of criminal procedure.  *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art 18.01.  Thus, the trial court did not err by denying appellant's motion to suppress.  We overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

WALKER, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 8, 2013